HEIRS OF JUAN BAUTISTA DOMINGO ANTONIO PELLICCIA Y MORATTI, Petitioners, *v*. DISTRICT COURT OF PONCE, Respondent.

No. 565.  Argued March 28, 1927.—Decided April 29, 1927.

*López de Tord & Zayas Pizarro* for the petitioners.  *Francisco Parra* for the widow of Pelliccia, and *Leopoldo Tormes* for executor Angel María Pelliccia.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Juan Bautista Domingo Antonio Pelliccia y Moratti died in Maricao on November 19, 1926, leaving an open will executed on August 14, 1882, in which he named the petitioners as his only heirs and appointed, among others, Angel María Pelliccia as his first executor.  The latter accepted the

appointment and moved the lower court to issue the letters of administration, which the court granted by an order of December 2, 1926, authorizing him to take possession of the estate, and other matters established by law.

On March 5, 1927, the petitioners, as heirs of the deceased, moved the lower court to terminate the executorship and to order executor Angel María Pelliccia to deliver forthwith to the heirs all of the cash and other effects and securities in his possession and belonging to the estate, alleging as grounds therefor that the petitioners were the only heirs of the predecessor in interest Pelliccia y Moratti; that they were all of age and had agreed to the partition and division of the estate, having already signed an instrument embodying the agreement and making the distribution; that there were no claims against the estate in favor of third persons, and that the heirs were in possession of the real property, but not of the cash and securities which were in the possession of the executor, the delivery of which was demanded by the heirs.

The lower court, on May 8, 1927, admitted the motion and set a day to hear the executor, ordering *mero motu* that citation for that hearing be made to the litigants in a suit that was being prosecuted before that court under No. 1546 whereby they were seeking the nullity of the testamentary institution made by the predecessor in interest Pelliccia y Moratti. The same day the petitioners moved for the reconsideration of the former order and the lower court gave a decision on this motion which in part reads as follows:

" . . . . The court has decided to hear both parties and will render a decision next Monday. Only three days are left in which to decide the case. The court thinks that the petitioners can clearly exercise their right through their attorneys López de Tord and Zayas Pizarro. They can move for any order that may be proper. The court is of the opinion, within its discretion and in view of further developments in the future, that it must, and does, postpone any decision until the parties are heard."

This appeal by certiorari has been taken from the above resolutions.

The executorship, unless otherwise provided by will, answers only a provisional and transitory situation which presents itself on the death of the testator and has for its scope certain measures which have to be taken in connection with the inheritance pending its acceptance by the heirs and their agreement as to the division thereof. The Civil Code foresees such a situation and treats of the executorship and its functions in sections 866 to 885. Its powers and duties are specified in sections 876 and 877 which provide:

"Section 876. Should the testator not have specially determined the powers of the executors they shall have the following:

"1. To dispose and pay the suffrages and funeral expenses of the testator in accordance with the provisions made by him in his will and, in their absence, according to the customs of the town.

"2. To pay, with the knowledge and consent of the heir, the cash legacies.

"3. To carefully see to the execution of the other provisions of the will and maintain, when just, its validity in and out of court.

"4. To take the necessary precautions for the preservation and custody of the property, with the intervention of the heirs who may be present.

"Section 877. Should there not be in the estate cash enough for the payment of the funeral expenses and legacies, and the heirs should not contribute from their own funds thereto, the executors shall sell the personal property; and should the proceeds therefrom not be sufficient, the real property shall be sold, with the intervention of the heirs.

"If a minor, absentee, corporation, or public institution should have any interest in the estate, the sale of the property shall take place with the formalities prescribed by law for such cases."

The above provisions come from the old code which contains similar provisions in sections 892 to 911, and the latter in their turn are connected with the provisions of the Spanish Code of Civil Procedure. This can be seen from the Commentaries of Manresa on the powers and duties of executors where among other things it is said:

. ''The aforesaid power and at the same time duty of executors cease, as is logical, when once their trust is over and there are heirs who accept the inheritance, or where an administrator is judicially appointed in conformity with section 1020 of the Code, or section 966, No. 3, or section 1069 of the Law of Civil Procedure.'' Comm. on Civil Code, vol. 6, p. 763, 4th ed.

The Code of Civil Procedure which is in force since March 1, 1904, was approved without including therein any of the matters relating to intestate and testamentary proceedings of the old law; but all that was included in the Act of special legal proceedings approved on March 9, 1905. Section 71 of said Act as amended on March 8, 1906, Laws of 1906, p. 167, in its pertinent part reads as follows:

''When the partition has been definitely approved, each of the interested parties shall be entitled to a certified copy of the final order of partition, which shall contain all of the requisites necessary for inscription in the registry of property; such documents declaring titles that may be recorded. When the final order is made, the heirs shall be placed in possession of the shares which have been respectively alloted to them: *Provided,* That where the heirs, being all of legal age, shall have informed the court that they are agreed as to the partition of the hereditary estate, the preceding provisions of this title shall not be applicable, and such heirs shall immediately be placed in possession of the hereditary estate by the executor or administrator having the possession of the estate. . . . .''

The proviso of the above precept corresponds to section 1046 of the old Code of Civil Procedure which reads as follows:

''The interested parties may, at any stage of voluntary testamentary proceedings, terminate the same and make such agreements as they may consider proper.

''For this purpose, in addition to the heirs and legatees, the creditors who may have instituted the proceedings and the surviving spouse shall be considered interested parties.

''Should they request it by common consent, the judge shall order the proceedings closed and the property placed at the disposal of the heirs.''

It appears that in the present case the heirs are of age; that they have informed the court of their agreement in regard to the partition or division of the estate and they pray to have the executorship terminated and therefore to be placed immediately in possession of all the hereditary property in the hands of the executor. The right of the petitioners appears clear from what we have quoted from section 71, *supra,* and their petition interests only the heirs instituted by the testator Pelliccia y Moratti in his will. In this respect no right of intervention is held by outsiders who, even though they may attack the validity of the will, have had no right acknowledged, and it is they who must solicit and secure a preventive legal remedy to secure the hereditary property should their action prosper. The lower court had no authority to give intervention to the litigants in case No. 1546 as a basis for the decision of the motion of the litigants, and likewise, in view of the provisions of section 71, it should have declared the executorship terminated in conformity with the prayer of the petitioners.

For the foregoing reasons the order of March 8, 1927, must be set aside.